**F I L E D**
**United States Court of Appeals
Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**JUN 29 2004**

**TENTH CIRCUIT**

**PATRICK FISHER**
**Clerk**

PAUL E. FREE,

     Plaintiff-Appellant,

v.

UNKNOWN OFFICERS OF THE
BUREAU OF PRISONS and UNITED
STATES OF AMERICA,

     Defendants-Appellees.

No. 03-1405

(D.C. No. 01-Z-2449 (MJW))

(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, **McKAY**, and **HARTZ**, Circuit Judges.

---

After examining the briefs and the appellate record, this panel has

determined unanimously that oral argument would not materially assist the

determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

The case is therefore ordered submitted without oral argument.

This is a *pro se* federal prisoner civil rights appeal pursuant to Bivens v.

Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

(1971). In his first claim for relief, Appellant alleged that unknown Bureau of Prisons' employees violated his rights under the Fourth, Fifth, and Eighth Amendments to the United States Constitution when they caused him to contract hepatitis C by putting feces and urine in his food or otherwise exposing him to the disease. In his second claim for relief, Appellant alleged that Appellees subjected him to cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution by declining to treat his hepatitis C with a combination drug therapy of peg interferon alfa-2b and Ribavirin. Appellant's amended complaint also referenced the Federal Tort Claims Act ("FTCA").

The magistrate judge recommended that the amended complaint be dismissed. After consideration of Appellant's objections, the district court dismissed the complaint holding: (1) Appellant failed to exhaust administrative remedies with respect to his first claim; (2) Appellant's allegations that the Bureau of Prisons failed to provide him combination drug therapy for hepatitis C failed to state a claim for relief pursuant to the Eighth Amendment as Appellant alleged nothing more than a difference of opinion as to the proper course of treatment; (3) to the extent that Appellant was asserting a claim pursuant to the FTCA, the claim would be dismissed for failure to exhaust administrative remedies by filing an administrative tort claim prior to suit; (4) the United States has not waived immunity for Bivens suits; and (5) to the extent that a suit for

injunctive relief could be proper against federal officials under the Larson/Dugan[2] doctrine, Appellant failed to exhaust administrative remedies with respect to his first claim, and his second claim fails to state a claim for relief. This appeal followed.

In his complaint, Appellant alleged that he contracted hepatitis C in a prison where correctional officers have allegedly admitted in other cases to putting feces and urine in prisoners' food. He did not become aware of the diagnosis until sometime in 2001 when he sought a renewal of his Motrin prescription. Through his own research, Appellant learned that a combination drug therapy is available outside prison which he alleges could cure the disease. Under current Bureau of Prisons' policy, Appellant is ineligible for the combination treatment until his enzyme levels reach critical levels. Rec., Doc. 8, at 11. This policy is based on recommendations from the National Institute of Health.

On appeal, Appellant argues that the district court erred "[f]irst, when stating Plaintiff 'had not exhausted administrative remedies regarding Claim I' and secondly, when asserting that Plaintiff's Second Claim 'fails to state an Eighth Amendment claim upon which relief can be granted.'" Aplt. Br. at 9-10

---

[2]Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682, 689 (1949); Dugan v. Rank, 372 U.S. 609, 621-23 (1963).

(quoting District Court Order, Rec., Doc. 37, at 6).

Appellant's first claim on appeal is that the district court erred in determining that he had not exhausted his administrative remedies because exhaustion would have been futile. The district court correctly rejected Appellant's futility argument, relying on Booth v. Churner, 532 U.S. 731, 741 n.6 (2001) (refusing to recognize any exception, including futility, to the exhaustion requirement). Additionally, Bureau of Prisons' regulations provide for an extension of time in situations where an inmate demonstrates that he was prevented from submitting a grievance within the time frame. See 28 C.F.R. § 542.14(b). Appellant did not attempt to avail himself of that exception.

With respect to Appellant's second claim, Appellees' refusal to treat Appellant with a combination drug therapy of peg interferon alfa-2b and Ribavirin does not amount to cruel and unusual punishment under the Eighth Amendment.

> Prison officials violate the Eighth Amendment when they are deliberately indifferent to the serious medical needs of prisoners in their custody. A negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation. Moreover, a prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation.

Perkins v. Kansas Dep't of Corrections, 165 F.3d 803, 811 (10th Cir. 1999) (internal citations omitted).

Appellees' guidelines for treatment of hepatitis C, followed in this case, are based on recommendations from the National Institute of Health. Under current Bureau of Prisons' policy, Appellant is ineligible for the combination treatment. Appellant merely disagrees with medical staff about the course of his treatment. This disagreement does not give rise to a claim for deliberate indifference to serious medical needs. Therefore, the district court properly dismissed the Eighth Amendment claim.[3]

After a thorough review of the briefs and the record, for substantially the same reasons set forth in the district court's well-reasoned July 24, 2003, Order, we hold that no relief is available to Mr. Free.

AFFIRMED. Appellant's motion to proceed without prepayment of the filing fee is GRANTED. We remind Appellant that he must continue making partial payments on court fees and costs previously assessed until such have been paid in full.

Entered for the Court

Monroe G. McKay
Circuit Judge

---

[3]To the extent that Appellant makes additional claims of error on appeal, these claims are denied.